Larry Williams, Interim Director Department of Community, Trade Economic Development P.O. Box 42525 Olympia, WA 98504-2525
Dear Mr. Williams: By letter previously acknowledged, your predecessor, Juli Wilkerson, requested our opinion on a question we have paraphrased as follows:
 Does the Public Works Board have the statutory authority to hire, supervise, evaluate, transfer, and fire staff assigned to the Public Works Board?
 BRIEF ANSWER
By statute, the Department of Community, Trade, and Economic Development supplies staff to the Public Works Board and retains full authority to hire and supervise employees assigned to provide staff support for the Board.
 ANALYSIS
The Washington State Legislature created the Public Works Board in 1985 for the purpose of assisting local governments in accomplishing public works projects. RCW 43.155.030, .040. The Public Works Board consists of thirteen members appointed by the Governor. RCW 43.155.030(2). Its members do not receive any compensation but are reimbursed for travel expenses under RCW 43.03.050 and .060 (subsistence, lodging, and mileage expenses for state employees and appointees). RCW 43.155.030(4). RCW 43.155.030(3) states, "Staff support to the board shall be provided by the Department." The Department means the Department of Community, Trade, and Economic Development (CTED). RCW 43.155.020(3).
[Original page 2] CTED was created in 1993 by consolidating the Department of Trade and Economic Development and the Department of Community Development into one department. RCW 43.330.005. The Legislature identified the broad functions and responsibilities of this new department. CTED is "responsible for promoting community and economic development within the state by assisting the state's communities to increase the quality of life of their citizens and their economic vitality, and by assisting the state's businesses to maintain and increase their economic competitiveness, while maintaining a healthy environment." RCW 43.330.050. The breadth of CTED's responsibility is demonstrated by the tasks assigned to it by the Legislature:
 Efforts to increase economic opportunity; local planning to manage growth; the promotion and provision of affordable housing and housing-related services; providing public infrastructure; business and trade development; assisting firms and industrial sectors to increase their competitiveness; fostering the development of minority and women-owned businesses; facilitating technology development, transfer, and diffusion; community services and advocacy for low-income persons; and public safety efforts.
RCW 43.330.050.
To accomplish these tasks, CTED may provide advisory assistance to the Governor, other state agencies, and the Legislature; coordinate the activities of state agencies that have an impact on local government and communities; cooperate with the Washington State Economic Development Commission, the Legislature, and the Governor in developing and implementing strategic plans for the state's community and economic development efforts; solicit private and federal grants; and cooperate with and provide technical and financial assistance to local governments and businesses to aid and encourage orderly development of the state. RCW 43.330.050(1)-(9). The director's powers and duties are similarly broad and comprehensive, including (1) requesting information and assistance from all other agencies, departments, and officials and (2) consulting with governmental officials, private groups, and individuals and officials from other states. RCW 43.330.040. The director may also establish additional advisory or consulting groups with the Legislature, within state government, with state and other governmental units, with the private sector and nonprofit entities, or in specialized subject areas as may be necessary.
RCW 43.155.040 sets forth the general powers of the Public Works Board as follows:
The board may:
 (1) Accept from any state or federal agency, loans or grants for the planning or financing of any public works project and enter into agreements with any such agency concerning the loans or grants;
 (2) Provide technical assistance to local governments;
 (3) Accept any gifts, grants, or loans of funds, property, or financial or other aid in any form from any other source on any terms and conditions which are not in conflict with this chapter;
 [original page 3] (4) Adopt rules under chapter 34.05 RCW as necessary to carry out the purposes of this chapter;
 (5) Do all acts and things necessary or convenient to carry out the powers expressly granted or implied under this chapter.
The primary responsibility of the Public Works Board is to provide financial assistance to local governments and private water systems for essential public works projects and to encourage self-reliance at the local level. The Public Works Board administers two major funding sources, the Public Works Assistance Account and the Drinking Water State Revolving Fund, to fund these programs. It also provides technical assistance to communities for critical public safety, health, and environmental infrastructure. RCW 43.155.050-.070; Public Works Board Web Site,http://www.pwb.wa.gov (last visited February 11, 2009).
The Public Works Board, as a creation of the Legislature, has only those powers granted to it by the Legislature and those powers necessarily implied from its express powers. State ex rel. Eastvold v.Maybury, 49 Wn.2d 533, 538, 304 P.2d 663 (1956). It is charged by law to perform a specific function, and the means to perform this function is also set out in the statute. As such, there is no need to find any implied powers. Local 2916, IAFF v. PERC, 128 Wn.2d 375, 382,907 P.2d 1204 (1995) (finding no room for additional implied powers when a board's jurisdiction was defined by statute); Eastvold, 49 Wn.2d at 539. As the court has explained, "But where a person or board is charged by law with a specific duty and the means for its performance are appointedby law, there is no room for implied powers, and the means appointed must be followed, however inadequate may be the result."Eastvold, 49 Wn.2d at 539 (quoting State ex rel. State Bd. of Med.Examiners v. Clausen, 84 Wash. 279, 282, 146 P. 630, 631 (1915)). In this respect, the Legislature specified that the Public Works Board's staff support would be provided by CTED. RCW 43.155.030(3). The statutory language is clear and neither states nor necessarily implies that the Board will play a role in hiring or supervising the staff.
We previously opined on the issue of the authority of boards created by the Legislature with respect to staff. The authority of the Board of Registration for Professional Engineers and Land Surveyors to direct its staff was the subject of a previous Attorney General Opinion, AGO1986 No. 14. In that opinion, we concluded that that board had the authority and control over staff assigned to it because of the specific grant of authority given it by the Legislature: "The board may employ such persons as are necessary to carry out its duties under this chapter." AGO 1986 No. 14, at 2; RCW 18.43.035.[1]
The 1986 opinion observed that the language used by the Legislature with respect to the professional boards often charged the director of the Department of Licensing to employ staff to support the boards' functions. For example, former RCW 18.92.033 stated, "The director [of the Department of Licensing] shall provide the [state veterinary] board with adequate administrative
[original page 4] and investigative staff to carry out its duties."[2] The same applied to the Board of Occupational Therapy: "The director shall provide such administrative and investigative staff as are necessary for the board to carry out its duties under this chapter." Former RCW 18.59.150.[3] The 1986 opinion reasoned that the different statutory direction with respect to the Board of Registration for Professional Engineers and Land Surveyors was notable and significant.
CTED "houses" and provides administrative support to a number of boards, commissions, and councils created by the Legislature and by executive orders.[4] For example, CTED provides administrative and clerical assistance to the Affordable Housing Advisory Board (AHAB);[5] Energy Facility Site Evaluation Council;[6] the State Building Code Council;[7] and the State Advisory Council on Substance Abuse.[8] CTED provides management services, including fiscal and contract services to the Community Economic Revitalization Board. See RCW 43.160.030(3).
A review of how the Legislature has authorized staffing for these boards, commissions, and councils highlights the significance of the different grants of authority provided to them. For example, the Legislature established the Economic Development Commission "to oversee the economic development strategies and policies of [CTED]." RCW 43.162.010(1). In doing so, it granted the Economic Development Commission the authority to employ an executive director. RCW 43.162.015(4) provides that the executive director of the commission shall appoint and employ such other employees as needed. The Legislature is well aware of how to create an independent board with the authority to hire and supervise its own staff.
[Original page 5] Also, in contrast to the Public Works Board, the Tourism Commission's staff support is provided by CTED, but the staff report to the executive director of the commission. RCW 43.336.020(8). The director of CTED, in consultation with the commission, appoints the executive director. RCW 43.336.020(9). Thus, it is apparent when the Legislature specifically grants the authority to employ or supervise staff to the commission or its executive director.
Without a specific grant of authority, the Public Works Board does not have the ability to hire, supervise, evaluate, transfer, or fire its staff. Without this specific grant of authority, it may not perform these employment and personnel functions. The Legislature placed these duties with CTED when it provided that the Department was to provide the staff support to the Public Works Board. The Legislature did not specifically grant the Public Works Board the authority to employ its own staff.[9] Thus, it is our conclusion that it does not have the authority to hire, supervise, evaluate, transfer, or fire its staff.
You asked your question in terms of whether the Public Works Board would exceed its authority if it dictated to the director of CTED how staff assigned to the Public Works Board are hired, supervised, evaluated, transferred, or fired. It can not do indirectly what it can not do directly. Since the Public Works Board does not have such authority itself, it can not direct the director of CTED to do its bidding. The Public Works Board does not have any authority over the director of CTED.[10]
We trust that the foregoing will be useful to you.
ROB McKENNA Attorney General
NOELLA A. RAWLINGS Senior Assistant Attorney General
:pmd
[1] RCW 18.43.035 was subsequently amended, but this provision remains the same: "The board may employ such persons as are necessary to carry out its duties under this chapter." Laws of 2002, ch. 86, § 224 (most recent amendment to RCW 18.43.035).
[2] This statute has since been repealed. Laws of 1986, ch. 259, § 144(1).
[3] This statute, as currently written, substitutes the secretary of the Department of Health for the director of the Department of Licensing. See Laws of 1991, ch. 3, § 157.
[4] Those created by legislation are: Economic Development Commission (RCW 43.162); Interagency Council on Homeless (RCW 43.185C.170); Municipal Research Council (RCW 43.110); Rural Washington Loan Fund (RCW43.168.110); and Tourism Commission (RCW 43.336.020). Those created by executive order are: Developmental Disabilities Council (Executive Order 96-06); Governor's Council on Substance Abuse (Executive Order 95-01); and State Advisory Council on Homelessness (Executive Order 94-11).
[5] RCW 43.185B.020(6) states, "The department shall provide administrative and clerical assistance to the affordable housing advisory board." The department refers to CTED. RCW 43.185B.010(2).
[6] "The Washington state department of community, trade, and economic development shall provide all administrative and staff support for the council." RCW 80.50.030(2)(b). Additionally, the Legislature specifically granted the director of CTED supervisory authority over the staff of the council and the authority to employ such personnel as necessary to implement this chapter. Id.
[7] RCW 19.27.070(3) provides that CTED shall provide administrative and clerical assistance.
[8] "Staffing to the Council shall be provided by the Department of Community, Trade, and Economic Development with assistance from member state agencies." Executive Order 94-11, at 1.
[9] Generally, the Legislature has not granted such authority to other business or professional boards and, when it does, it says so explicitly. See RCW 18.04.045(5) (the executive director of the Board of Accountancy "may employ such personnel as is appropriate for carrying out the purposes of this chapter"); RCW 43.162.015(1), (3) (the state economic development commission shall employ an executive director. The executive director employs "such personnel as may be necessary to implement the purposes of this chapter . . . and shall be exempt from the provisions of chapter 41.06 RCW"); RCW 47.26.140 (in creating the Transportation Improvement Board, the Legislature specifically (1) granted the board with the authority to appoint an executive director and to employ additional staff as needed, and (2) provided funding).
[10] Obviously, the director of CTED could voluntarily consult with the Public Works Board on questions relating to the employment and work assignments of CTED employees designated to provide staff support for the Public Works Board. It may well be wise and prudent to do so, but we do not read the law as requiring more. RCW 43.330.040(7) grants the director broad authority to "manage the department in a flexible and intelligent manner as dictated by changing contemporary circumstances." "Unless specifically limited by law, the director shall have complete charge and supervisory powers over the department. The director may create such administrative structures as the director deems appropriate". Id.